# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

IN RE GUNNISON SAGE-GROUSE                   Civil Action No. 1:15-cv-130- AP
ENDANGERED SPECIES ACT LITIGATION

## STIPULATION TO STAY CIVIL ACTIONS 15-CV-130 AND 15-CV-131

Petitioners Center for Biological Diversity and Western Watersheds Project (collectively "the Center") and WildEarth Guardians and Clait E. Braun (collectively "Guardians"), and the Federal Respondents jointly request that the Court stay the Center's and Guardians' cases against the Federal Respondents. We believe the stay would allow civil actions 15-cv-130 and 15-cv-131 to be resolved without further motions practice.

The Federal Respondents have conferred with the Colorado Petitioners regarding this stipulation. The State of Colorado, State of Utah, and San Juan County, Utah support this stipulation and stay. Gunnison County, Colorado and the Gunnison Stockgrowers' Association take no position on the stipulation and stay.[1]

In support of this stipulation, the Center, Guardians, and the Federal Respondents hereby state and stipulate as follows:

WHEREAS, on January 20, 2015, the Center filed a complaint, which was amended on April 21, 2015, against the U.S. Fish & Wildlife Service ("Service"); Dan Ashe, in his official capacity as Director of the Service; the U.S. Department of the Interior; S.M.R. Jewell, in her official capacity as Secretary of the Interior; NOAA Fisheries; Eileen Sobeck, in her official

---

[1] The Colorado Petitioners' position on this stipulation and motion to stay is not a concession that the Gunnison sage-grouse listing rule is reasonable or that a recovery plan is legally required.

1

capacity as Assistant Administrator for NOAA Fisheries; the U.S. Department of Commerce; and Penny Pritzker, in her official capacity as Secretary of Commerce, ECF 1 and 9, 15-cv-00130;

WHEREAS, on January 20, 2015, Guardians filed a complaint against Dan Ashe, in his official capacity as Director of the Service and the Service, ECF 1, 15-cv-00131;

WHEREAS, on February 27, 2017, all of the parties to the consolidated litigation filed a joint motion to stay the litigation and requested referral to a magistrate judge for purposes of determining whether the parties could reach a global settlement resolving the consolidated cases, ECF 122;

WHEREAS, on March 1, 2017, the Court granted the parties' motion to stay and referred the matter to U.S. Magistrate Judge Varholak for settlement, ECF 123;

WHEREAS, on June 30, 2017, after determining that a settlement amongst all of the parties in the consolidated actions could not be reached, the parties filed a joint motion to lift the stay and set a briefing schedule, ECF 134;

NOW, THEREFORE, the Center, Guardians, and the Federal Respondents hereby stipulate to the following terms for a stay of litigation in 15-cv-00130 and 15-cv-00131:

1. The Center, Guardians, and the Federal Respondents agree to a stay of this litigation to allow the Service to complete a Recovery Plan for the Gunnison sage-grouse.

2. During the pendency of the Service's preparation of the Gunnison sage-grouse Recovery Plan discussed *supra*, the current listing and critical habitat rules will remain in place unless the Service is otherwise directed by the Court, *see* Paragraph 8 below, or the public submits a petition to alter either or both of these rules, in which case the Service must evaluate any such petition and come to a determination based on the best available science as required by the ESA and the relevant regulations. *See* Threatened Status for Gunnison Sage-Grouse; Final Rule, 79 Fed. Reg. 69192 (Nov. 20, 2014) (to be codified at 50 C.F.R. pt. 17) (Final Threatened Rule);

Designation of Critical Habitat for Gunnison Sage-Grouse, 79 Fed. Reg. 69312 (Nov. 20, 2014) (to be codified at 50 C.F.R. pt. 17) (Final Critical Habitat Rule).

3. Consistent with the ESA, relevant regulations, and the Service's guidance on recovery planning, the Gunnison sage-grouse Recovery Plan:

   a. Will be informed by the Species Status Assessment ("SSA"), which will be based on the best scientific and commercial data available and will refer to the principles of representation, resiliency, and redundancy; will address the five statutory factors for listing or delisting a species; and will identify the impediments to recovery and possible ways to reach recovery;

   b. Shall include, to the maximum extent practicable, clear, objective, measurable criteria that, when met, may lead to the Service initiating a process designed to remove Gunnison sage-grouse from the list of species protected under the Endangered Species Act. These may include, but are not limited to, establishing population targets or appropriate surrogates;

   c. Shall detail all threats to the Gunnison sage-grouse and will identify site-specific management actions to ameliorate or minimize these threats, as may be necessary;

   d. Shall identify monitoring needs as may be necessary to ensure that the conservation and recovery measures required to achieve recovery goals are met;

   e. Shall consider the impact of livestock grazing on the Gunnison sage-grouse and will identify management actions to ameliorate or minimize those impacts, as may be necessary.

4. The Service agrees to adopt a process designed to lead to a finalized and completed Gunnison sage-grouse Recovery Plan within thirty (30) months of an order granting this Stipulation to Stay. As part of this process, the Service

    a. Shall include recognized experts and other interested stakeholders in recovery implementation planning;

    b. Shall, within eighteen (18) months from the stay of proceedings, prepare and submit to the Federal Register a notice of the availability of a draft recovery plan for the Gunnison sage-grouse, pursuant to 16 U.S.C. § 1533(f)(1);

    c. Shall, within thirty (30) months from the stay of proceedings, prepare and submit to the Federal Register a notice of the availability of a final Recovery Plan for the Gunnison sage-grouse, pursuant to 16 U.S.C. § 1533(f)(1); and

    d. Agrees to provide status updates on the recovery planning progress every three months to all parties to the consolidated cases.

5. The Service will provide Petitioners notice as soon as practicable if it determines it may not meet the performance timeframes set out in paragraph 4(a)-(d) under this Stipulation. The Center and Guardians agree to accept notice of delay in writing, and the Center and Guardians agree to provide Federal Respondents thirty (30) days to resolve any noticed delay. Once the thirty days has run, the Center and Guardians reserve the right to seek redress as discussed in ¶ 11.

6. The parties to this Stipulation may modify the deadlines in paragraph 4 only by mutual agreement.

7. The Center and Guardians agree that, should the Federal Respondents prevail in civil action 15-cv-286, neither the Center nor Guardians will further challenge the Gunnison sage-grouse threatened listing rule, 79 Fed. Reg. 69,192 (Nov. 20, 2014).

8. The Center, Guardians, and the Federal Respondents agree that, should the Colorado Petitioners prevail in civil action 15-cv-286, and the Court does not vacate the listing rule, they shall consult within 30 days of the issuance of the Court's judgment to reevaluate in good faith the terms of the stay to allow the Federal Respondents to comply with the Court's

judgment. The Center, Guardians, and the Federal Respondents further agree that, should the Colorado Petitioners prevail and the Court vacates the listing rule, the Service will no longer need to meet the performance timeframes in paragraph 4 of this Stipulation and the Center and Guardians will voluntarily dismiss their respective cases.

9. The Center, Guardians, and the Federal Respondents agree that the Center and Guardians shall dismiss 15-cv-130 and 15-cv-131, respectively, with prejudice within 30 days after publication of the notice of the availability of a Gunnison sage-grouse final Recovery Plan, except that the Center will dismiss the claims regarding the Service's and NMFS's significant portion of its range policy without prejudice, thus retaining the right to raise this claim as to another rulemaking that is not the subject of the consolidated Gunnison sage-grouse cases.

10. The Federal Respondents acknowledge that nothing in this Stipulation may be read to limit the Center's or Guardians' right to challenge the content of the Gunnison sage-grouse Recovery Plan or any other future agency action related to the Gunnison sage-grouse. However, should the Center or the Guardians choose to bring such a challenge, they will file a new complaint to do so.

11. If the Service fails to meet any of the terms and conditions of this stipulation, including not meeting the performance timeframes outlined in paragraph 4, the Center and Guardians may petition the Court to lift the stay and recommence the litigation. If the Center or Guardians recommences the litigation, the Center and Guardians agree that the Service will no longer need to meet the performance timeframes in paragraph 4 of this Stipulation.

In light of the above stipulation, the Center, Guardians and the Federal Respondents respectfully request that the Court enter a stay of 15-cv-130 and 15-cv-131.

DATED: April 25, 2018

                          JEFFREY R. WOOD,
                          Acting Assistant Attorney General
                          SETH M. BARSKY, Chief
                          MEREDITH L. FLAX, Assistant Chief
                          MARY HOLLINGSWORTH
                          JESSICA HELD

                          */s/ Rickey D. Turner, Jr.*
                          RICKEY D. TURNER, JR.
                          Trial Attorney
                          United States Department of Justice
                          Environment & Natural Resources Division
                          Wildlife and Marine Resources Section
                          999 18th Street
                          South Terrace, Suite 370
                          Denver, CO 80202
                          Telephone: 303-844-1373
                          Email: rickey.turner@usdoj.gov

                          *Attorneys for Federal Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                    */s/ Rickey D. Turner, Jr.*
                                                    RICKEY D. TURNER, JR.