IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 15-cv-0130-CMA-STV
Consolidated with Civil Action No. 1:15-cv-00131-CMA-STV

IN RE GUNNISON SAGE-GROUSE ENDANGERED SPECIES ACT LITIGATION

**ORDER OF DISMISSAL**

This matter is before the Court on Plaintiffs' Response to Order to Show Cause and Stipulation of Dismissal (Doc. # 191).

These consolidated cases are over six years old. In April 2018, after more than three years of litigation, the parties entered into a stipulation that they claimed "would allow civil actions 15-cv-130 and 15-cv-131 to be resolved without further motions practice." (Doc. # 173, p. 1). The parties agreed that Plaintiffs would dismiss their claims "within 30 days after publication . . . of a Gunnison sage-grouse final Recovery plan," (Doc. # 173, ¶ 9). Two and a half years later, the parties finally completed that Final Recovery Plan, and they agreed that the case would be dismissed by November 29, 2020. (Doc. # 186, ¶ 3).

November 29 came and went without any action by the parties. So, on December 3, 2020, the Court issued an order to show cause why the case should not be dismissed with prejudice. (Doc. # 188). The intervenors responded that they did not oppose dismissal with prejudice. (Docs. ## 190, 193). Plaintiffs responded that dismissal was appropriate, with the following caveats:

(1) Plaintiffs will dismiss their case with prejudice, "except that the Center will dismiss the claims regarding the Service's and NMFS's significant portion of its range policy without prejudice, thus retaining the right to raise these claims as to another rulemaking that is not the subject of the consolidated Gunnison

sage-grouse cases." (Doc. # 191, ¶ 1);

(2) Plaintiffs request 90 days from the date of dismissal to file a motion for costs and attorney fees (Doc. # 191, ¶ 2); and

(3) Plaintiffs request that the court retain jurisdiction over this matter for purposes of awarding fees and costs. (Doc. # 191, ¶ 3).

The Court now addresses Plaintiffs' requests.

The Court sees no reason why all claims should not be dismissed with prejudice. Plaintiffs fail to specify which paragraphs in their complaint relate to "the Service's and NMFS's significant portion of its range policy," so the Court is left to guess at which claims are to be dismissed with prejudice and which are to be dismissed without prejudice. Further, any claim dismissed without prejudice will likely be time barred if reasserted, *see* 28 U.S.C.§ 2401(a), and Plaintiffs have not offered any reason why the statute of limitations would not apply. Thus, dismissal without prejudice would serve no useful purpose. Finally, dismissal with prejudice would not prevent Plaintiffs from asserting similar claims in a future case related to "another rulemaking." Therefore, the Court will dismiss all claims with prejudice.

With respect to Plaintiff's planned request for fees and costs, the Court is not aware of any basis for a fee award in these circumstances. Nevertheless, the Court will allow Plaintiff twenty-one days from the date of this order to file any request for fees or costs. If no such request is filed in that time period, the case will be closed, and the Court will not retain jurisdiction over these cases for any purpose.

It is therefore ORDERED that these consolidated cases are DISMISSED WITH

PREJUDICE. Plaintiffs shall have 21 days from the date of this order within which to file a request for attorney fees and/or costs.

DATED: May 26, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge